**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **FAUSTINO CUEVAS,** : | |
| : | |
| Plaintiff, : | Civil Action Number: |
| : | 2:13-cv-67-WCO |
| vs. : | |
| : | |
| **EL SOMBRERO MEXICAN** : | |
| **RESTAURANT NO. 9, INC. and** : | |
| **ARTURO GUZMAN,** : | |
| : | |
| Defendants. : | |

**COMPLAINT**

Plaintiff Faustino Cuevas ("Mr. Cuevas"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants El Sombrero Mexican Restaurant No. 9, Inc. ("El Sombrero") and Arturo Guzman ("Mr. Guzman") (collectively "Defendants") and shows the Court as follows:

**INTRODUCTION**

1.

Mr. Cuevas brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid minimum wages and an additional like amount as liquidated damages; (2) recover due but unpaid overtime compensation and an additional like amount as liquidated

damages; (3) and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because El Sombrero is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Cuevas resides in Hall County, Georgia.

5.

El Sombrero employed Mr. Cuevas as a server in and around Gainesville, Georgia from 2009 until May 2013.

6.

At all times material hereto, Mr. Cuevas has been an "employee" of El Sombrero as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about April 2011 until May 2013, Mr. Cuevas has been "engaged in commerce" as an employee of El Sombrero as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

El Sombrero is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, El Sombrero has been an "employer" of Mr. Cuevas as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about April 2011 until May 2013, El Sombrero was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, El Sombrero had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, El Sombrero had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, El Sombrero had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, El Sombrero had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, El Sombrero had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, El Sombrero had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, El Sombrero had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, El Sombrero had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, El Sombrero had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, El Sombrero has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

El Sombrero is subject to the personal jurisdiction of this Court.

22.

El Sombrero may be served with process through its registered agent, Arturo Guzman, 3038 Stillwater Drive, Gainesville, Georgia 30506.

23.

Guzman resides within Hall County, Georgia.

24.

At all times material hereto, Guzman exercised operational control over the work activities of Mr. Cuevas.

25.

At all times material hereto, Guzman was involved in the day to day operation of the El Sombrero restaurant in which Mr. Cuevas worked.

26.

At all times material hereto, El Sombrero vested Guzman with supervisory authority over Mr. Cuevas.

27.

At all times material hereto, Guzman exercised supervisory authority over Mr. Cuevas.

28.

At all times material hereto, Guzman scheduled Mr. Cuevas' working hours or supervised the scheduling of Plaintiff's working hours.

29.

At all times material hereto, Guzman exercised authority and supervision over Mr. Cuevas' compensation.

30.

At all times material hereto, Guzman has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

31.

Guzman is subject to the personal jurisdiction of this Court.

32.

Arturo Guzman may be served with process at 3038 Stillwater Drive, Gainesville, Georgia 30506.

33.

At all times material hereto, Mr. Cuevas was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, El Sombrero did not employ Mr. Cuevas in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, El Sombrero did not employ Mr. Cuevas in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, El Sombrero did not employ Mr. Cuevas in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, El Sombrero did not employ Mr. Cuevas in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

38.

At all times material hereto, Mr. Cuevas was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

39.

Defendants failed to pay Mr. Cuevas for all hours that he worked.

40.

At all times relevant, Defendants paid Mr. Cuevas on an hourly basis.

41.

At all times material hereto, Defendants regularly and customarily undercounted the number of hours that Mr. Cuevas actually worked.

**COUNT I — FAILURE TO PAY MINIMUM WAGE AS TO ALL DEFENDANTS**

42.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

43.

At all times material hereto, Mr. Cuevas has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

44.

From on or about April 2011 through May 2013, (hereafter "the Relevant Time Period") Defendants failed to compensate Mr. Cuevas at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

45.

During the Relevant Time Period, Defendants willfully failed to compensate Mr. Cuevas at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

46.

Mr. Cuevas is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

47.

As a result of the underpayment of minimum wages as alleged above, Mr. Cuevas is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the underpayment of minimum wages, Defendants are liable to Mr. Cuevas for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

49.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

50.

At all times material hereto, Mr. Cuevas has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

51.

During the Relevant Time Period, Mr. Cuevas regularly worked in excess of forty (40) hours each week.

52.

Defendants failed to pay Mr. Cuevas at one and one half times his regular rate for work in excess of forty (40) hours in any week during the Relevant Time Period.

53.

Defendants willfully failed to pay Mr. Cuevas at one and one half times his regular rate for work in excess of forty (40) hours in any week from during the Relevant Time Period.

54.

Mr. Cuevas is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Mr. Cuevas is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Mr. Cuevas is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Cuevas respectfully prays:

1.      That Mr. Cuevas' claims be tried before a jury;

2. That Mr. Cuevas be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about April 2011 through May 2013 due under the FLSA, plus an additional like amount in liquidated damages;

3. That Mr. Cuevas be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Mr. Cuevas be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791
*/S/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

*Bell & Washington, LLP*

539 Green Street
Gainesville, Georgia  30501
(770) 535-8383
(678) 228-1810 (facsimile)
Gainesville@bellwashington.com

*s/ Ashley D. Bell*
Ashley D. Bell
Georgia Bar No. 143061

**COUNSEL FOR PLAINTIFF**